UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

Case No. 9:23cv80190

BERNARD GOLDSTEIN,
as the Personal Representative
of the Estate of TINA GOLDSTEIN,
deceased,
An individual,

     Plaintiff,

v.


NORTH PALM HYUNDAI, LLC.,
d/b/a NORTH PALM HYUNDAI,
A Florida Limited Liability Company,

     Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BERNARD GOLDSTEIN, as the Personal Representative of the Estate of TINA GOLDSTEIN, deceased, brings this action against Defendant, NORTH PALM HYUNDAI, LLC, a Florida limited liability company, under the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("Regulation M").

### JURISDICTION AND VENUE

1.    The Court has federal question jurisdiction under 28 U.S.C. § 1331

because the claim arises from the CLA, a federal statute. 15 U.S.C. § 1667d(c).

2. Venue is proper before this Court because the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

3. Plaintiff, BERNARD GOLDSTEIN ("Mr. Goldstein") is a natural person who at all relevant times resided in Palm Beach County, Florida and is the duly appointed Personal Representative of the Estate of TINA GOLDSTEIN, deceased ("Mrs. Goldstein").

4. Defendant is a Florid limited liability company and was at all relevant times herein, doing business in Palm Beach County, Florida.

## FACTUAL ALLEGATIONS

5. In April of 2019, Defendant leased a new 2019 Genesis G80 ("Vehicle") to Mrs. Goldstein.

6. The Vehicle was leased under a Florida Motor Vehicle Lease Agreement ("Lease"). A copy of the lease is attached as Exhibit A.

7. In the Lease, Defendant provided Mrs. Goldstein with the option to buy the Vehicle at the end of the lease term: "You have an option to purchase the Vehicle from us at the scheduled end of the Lease Term, AS IS, WHERE IS, from us or a party we designate, for the Residual Value on Line 7D above, plus a Purchase Option

Fee of $0.00. You are also responsible for any official fees, such as those for taxes, tags, title, and registration."

8. The Residual Value was $29,873.20.

9. The Lease did not disclose any other fees or costs to be added to the purchase price for Mrs. Goldstein to exercise the purchase option at the end of the Lease.

10. On May 12, 2021 Mrs. Goldstein passed away.

11. On October 21, 2021 Mr. Goldstein was appointed Personal Representative of the Estate of Tina Goldstein.

12. At the end of the lease term, as Personal Representative of the estate, Mr. Goldstein contacted the lease servicer for the lease directly and asked about the process to buy the Vehicle.

13. The lease servicer directed Mr. Goldstein to visit a franchise dealership to complete the lease buyout transaction.

14. In March of 2022, Mr. Goldstein visited Defendant to exercise the purchase option.

15. However, to Mr. Goldstein's surprise, Defendant required him to pay an additional $899.00 "Dealer Services Fee", $129.00 "E-Tag File Fee", $149.00 "Priv-Tag-Agency" Fee, and a $199.00 "Documentation Fee".

16. The $899.00 "Dealer Services Fee", $129.00 "E-Tag File Fee",

$149.00 "Priv-Tag-Agency" Fee, and a $199.00 "Documentation Fee" were not official fees.

17. Defendant never disclosed the $899.00 "Dealer Services Fee", $129.00 "E-Tag File Fee", $149.00 "Priv-Tag-Agency" Fee, and the $199.00 "Documentation Fee" in the Lease as part of the purchase option.

18. Defendant's failure to honor the purchase price in the Lease was the cause of the aforementioned harm, as Mr. Goldstein was left with no choice but to pay the additional fees that were contrary to the amount stated as the purchase price in the Lease.

### COUNT I AS TO DEFENDANT'S VIOLATION OF FEDERAL CONSUMER LEASING ACT 15 U.S.C. § 1667a

19. The CLA governs the disclosures in the Lease because the lease term ran for 35 months and was for less than $58,300. 15 U.S.C. § 1667(1).

20. Mrs. Goldstein was a natural person who leased the Vehicle primarily for personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

21. Defendant had to comply with the CLA's disclosure requirements because it was a "lessor" under the CLA.

22. Defendant is a large car dealership that has leased, offered, or arranged to lease vehicles more than five times in the preceding calendar year or more than five times in the current calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

23. As described above, Defendant had substantial involvement in the lease

transaction with Mrs. Goldstein.

24. Upon information and belief, Defendant financially gains on the resale of the vehicle at the end of the Lease term.

25. The Lease is governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 213.4.

26. The disclosure of the purchase option price in the Lease had to be accurate, clear, conspicuous, and complete. 12 CFR § 1013.3(a).

27. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by refusing to allow Plaintiff to exercise the purchase option directly and by choosing not to disclose in the purchase option price that payment of the $899.00 "Dealer Services Fee", $129.00 "E-Tag File Fee", $149.00 "Priv-Tag-Agency" Fee, and the $199.00 "Documentation Fee" were required to exercise the purchase option at the end of the lease.

28. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of $1,376.00 more than the purchase option price was required to exercise the purchase option at the end of the lease.

29. Defendant violated 12 CFR § 1013.3(a) because the purchase option price was unclear, inaccurate, and incomplete.

30. These omissions were material to Mrs. Goldstein's decision to enter

into the Lease, and Mrs. Goldstein detrimentally relied on these material omissions.

31. Mr. Goldstein suffered financial loss in that Plaintiff paid $1,376.00 more than what the Lease required to buy the Vehicle.

32. Mr. Goldstein also incurred additional taxes on the transaction due to the inflated purchase option price.

33. Had Defendant provided an accurate, complete, and clear purchase option price in the Lease, which it was required to do, Mrs. Goldstein would have negotiated better terms or elected declined to lease the Vehicle.

34. Defendant's illegal conduct was the actual and proximate cause of the actual damages suffered by Mrs. Goldstein.

35. Pursuant to 15 U.S.C. § 1640, Plaintiff, BERNARD GOLDSTEIN, as the Personal Representative of the Estate of TINA GOLDSTEIN is entitled to recover actual and statutory damages from Defendant, and reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, BERNARD GOLDSTEIN, as the Personal Representative of the Estate of TINA GOLDSTEIN, for relief and judgment against Defendant as follows:

A. Actual and Statutory Damages as provided by law;

C. Pre-judgment and post-judgment interest, as allowed by law;

D.  Reasonable attorneys' fees and costs;

E.   Injunctive relief requiring Defendant to honor its obligation under its Lease agreements to sell the Leased vehicles for the price identified on the Lease agreement; and

F.  Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Joshua Feygin
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685
Email:  Josh@JFeyginesq.com
SUE YOUR DEALER – A LAW FIRM
1930 Harrison Street Suite 208 F
Hollywood, FL 33020
Telephone: (954) 228-5674
Facsimile: (954) 697-0357

*/s/ Darren R. Newhart*
Darren R. Newhart, Esq.
FL Bar No: 0115546
E-mail: darren@newhartlegal.com
NEWHART LEGAL, P.A.
14611 Southern Blvd. Suite 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile:  (561) 473-2946
*Counsel for the Plaintiff*