UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO. 23-CV-80190-RLR

BERNARD GOLDSTEIN,
as the Personal Representative
of the Estate of TINA GOLDSTEIN,
deceased, an individual,

      Plaintiff,

v.

NORTH PALM HYUNDAI, LLC.,
d/b/a NORTH PALM HYUNDAI, A Florida
Limited Liability Company,

      Defendant,

_____/

## DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY ACTION

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (the "FAA"), Defendant, NORTH PALM HYUNDAI, LLC., d/b/a NORTH PALM HYUNDAI ("North Palm"), respectfully files this Motion to Compel Arbitration and to Stay Action (the "Motion"), seeking an order compelling Plaintiff, BERNARD GOLDSTEIN AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF TINA GOLDSTEIN ("Plaintiff"), to arbitrate Plaintiff's claim against North Palm pursuant to the terms of the arbitration provision contained within the vehicle lease at the center of this dispute and further seeks to stay this case until the completion of arbitration. In support, North Palm states as follows:

### Introduction and Factual Background

The instant action arises from a vehicular lease for a 2019 Genesis G80 (VIN ending 196352) (the "Vehicle") between Tina Goldstein ("Mrs. Goldstein") and North Palm, dated April 15, 2019 (the "Lease"). Under the Lease, Mrs. Goldstein had the option to purchase the Vehicle at

the end of the Lease for the listed purchase price plus any official fees (e.g., taxes, tags, license and registration) ("Purchase Option"). Lease Packet[1], p. 2, section 9, at **Exhibit "A."**[2] Additionally, the Lease provided that any claim or dispute between Mrs. Goldstein and North Palm that arose out of the purchase of the Vehicle or the Lease should, at either party's election, be resolved by binding arbitration and *not* by a court action (the "Arbitration Provision"). *See* Lease Packet, p. 4, at *id.* Mrs. Goldstein, by way of her signature, represented to North Palm that she had read, understood, and agreed to the Arbitration Provision. *See id.*

On May 12, 2021, Mrs. Goldstein passed away. Plaintiff alleges that on October 21, 2021, Bernard Goldstein, Mrs. Goldstein's husband ("Mr. Goldstein"), was appointed personal representative of Mrs. Goldstein's estate. Compl. ¶12.  On March 17, 2022, Mr. Goldstein, entered into a sale agreement with North Palm ("Sale Contract") for the purchase of the Vehicle. *See* Contract Packet[1], at **Exhibit "B."** Significantly, Plaintiff (Bernard Goldstein as the Personal Representative of the Estate of Tina Goldstein) did not purchase the Vehicle. The Sale Contract also provides that any claim or dispute between North Palm and Mr. Goldstein arising out of the Sale Contract, at the election of either party, should be resolved by binding arbitration. *See* Contract Packet, p. 3, at Exhibit "B." Pursuant to the Sale Contract, Mr. Goldstein issued two separate personal checks to North Palm, in the amount of $32,038.03 and $1.504.53, respectively. *See* Check # 394 and Check # 393, at **Composite Exhibit "C."**

---

[1] To protect the parties' confidential information, North Palm has only attached to this Motion the relevant portions of the Lease and Sale Contract. However, if the Court would like to review either document in its entirety, North Palm will provide the same at the Court's request.
[2] In considering a motion to compel arbitration, the court can consider the pleadings and documents of uncontested validity. *Sims v. Clarendon Nat. Ins. Co.*, 336 F. Supp. 2d 1311, 1314 (S.D. Fla. 2004) (citing *Bertram v. Beneficial Consumer Discount Co.*, 286 F.Supp.2d 453, 456 (M.D.Pa.2003)).

On February 2, 2023, without providing any notice to North Palm, Plaintiff, which again is the estate of Mrs. Goldstein, initiated the instant action [D.E. 1]. In the Complaint, Plaintiff alleges that North Palm violated § 1667a of the Consumer Leasing Act, by failing to disclose, in the Lease, the Dealer Services Fee, E-Tag File Fee, Priv-Tag-Agency Fee, and Documentation Fee as part of the costs to exercise the Purchase Option was exercised. *See* Compl. ¶17.  Plaintiff also alleges that the fees Mr. Goldstein paid were not "official fees." Compl. ¶16. Plaintiff further alleges that Mr. Goldstein – not Plaintiff - suffered financial loss when Mr. Goldstein allegedly paid $1,376.00 plus additional taxes, which was more than what the Lease indicated was required to purchase the Vehicle. Compl. ¶31. On February 23, 2023, this Court issued its Order Setting Pretrial Deadlines and Trial Date ("Order Setting Trial"). [D.E. 11]. On March 6, 2023, North Palm filed its Answer and Affirmative Defenses ("Answer") [D.E. 16]. In the Answer, North Palm asserts the following defense:

> Defendant states that Plaintiff failed to pursue alternative dispute resolution prior to initiating this suit, as the Lease requires that Plaintiff submit any claim pertaining to the Lease to mediation prior to filing a lawsuit.

*See* Answer, p. 5 [D.E. 16].

Pursuant to the Court's Order Setting Trial, on March 22, 2023, the parties exchanged their initial Rule 26 disclosures. On March 31, 2023, North Palm reiterated its position to Plaintiff that it intended to enforce the Arbitration Provision by advising Plaintiff's counsel that North Palm would be filing a motion to compel arbitration. On April 10, 2023, North Palm asked to be excused from mediation or, in the alternative, receive an enlargement of time to file a notice of mediation until the Court rules on this Motion ("Excusal Motion"), notifying the Court of its intent to exercise its right under the Arbitration Provision. [D.E. 18]. As of the filing of this Motion, no discovery

has been taken nor exchanged in the instant action. Trial in the matter is not projected to occur until the four-week trial period commencing December 4, 2023. [D.E. 11].

As such, for the reasons stated above, and explained herein, North Palm respectfully requests this Court enter an Order compelling Plaintiff to arbitrate Plaintiff's claim against North Palm as required under the FAA. 9 U.S.C. § 2.

## **Memorandum of Law**

## I. **Standard of Review**

It is controlling law that the FAA requires enforcement of written arbitration provisions and provides that courts shall compel to arbitration any dispute subject to a written arbitration agreement. See 9 U.S.C. § 4. Specifically, the FAA provides that:

> A written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The FAA establishes a public policy that strongly favors the arbitration of disputes and requires courts to enforce arbitration agreements. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (stating that the FAA reflects a "'liberal federal policy favoring arbitration agreements'") (quoting *Moses H. Con Memorial Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 24 (1983)). The Supreme Court has held that there is a presumption of arbitration to promote the federal policy favoring arbitration, and any doubts as to the scope of arbitrable issues or the applicability of an arbitration clause must therefore be resolved in favor of arbitration. *AT&T Technologies, Inc. v. Communications Workers of Am., et al.,* 475 U.S. 643, 650 (1986).

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Crucially, as a result of the well-established policy favoring arbitration, the burden is on the party opposing arbitration to prove to the court that arbitration is improper. *See Ayala-Rodriguez v. Falic Fashion Group LLC,* 18-62034-CIV, 2019 WL 13216292, at *3 (S.D. Fla. Mar. 6, 2019) (quoting *Kozma v. Hunter Scott Fin., LLC,* No. 09-80502-CIV, 2010 WL 724498, at *2 (S.D. Fla. Feb. 25, 2010)).

In determining whether a dispute is subject to arbitration, courts must consider three issues: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. *Booth v. S. Wine & Spirits of Am., Inc.*, 14-22357-CIV, 2014 WL 5523123, at *2 (S.D. Fla. Oct. 31, 2014) (citing *Mercury Telco Grp., Inc. v. Empresa De Telecommunicaciones De Bogota S.A. E.S.P.*, 670 F.Supp.2d 1350, 1354 (S.D.Fla.2009)).

## II.   Argument

### A.   A Valid Written Agreement to Arbitrate Exists

"[A] valid written agreement to arbitrate exists so long as there was an offer, acceptance, and sufficient specification of essential terms." *Burri Law, P. A. v. Byzantine Catholic Eparchy of Phoenix*, 488 F. Supp. 3d 1185, 1190 (M.D. Fla. 2020) (quoting *Tuttle v. Credit Acceptance Corp.*, 8:18-CV-2181-T-23JSS, 2018 WL 6621374, at *2 (M.D. Fla. Oct. 31, 2018), report and recommendation adopted, 8:18-CV-2181-T-23JSS, 2018 WL 6621359 (M.D. Fla. Nov. 16, 2018)).

Here, it is undisputed that the Lease, a portion of which Plaintiff attached to the Complaint, includes the Arbitration Provision, which in part provides:

5

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

**ARBITRATION PROVISION**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this Vehicle, this Order and Agreement or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Order and Agreement) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website

*See* Lease Packet, at p. 4, at Exhibit "A."

By way of the Arbitration Provision, North Palm offered that both parties to the Lease have the right to submit claims to arbitration as opposed to by the court or jury (mutual consideration). *See* Lease Packet, at p. 4, at Exhibit "A;" *see generally Tuttle*, 2018 WL 6621374, at *2. Mrs. Goldstein accepted this offer by signing and initialing the Arbitration Provision, indicating that she read, agreed, and assented to the terms of the Arbitration Provision.[3] *See* Lease Packet, at p. 4, at Exhibit "A;" *see generally Tuttle*, 2018 WL 6621374, at *2. As such, and assuming the valid appointment of Bernard Goldstein as the personal representative of the estate of Tina Goldstein, there is a valid arbitration agreement between North Palm and Plaintiff. *See id.*

**B.     An Arbitrable Issue Exists**

The test for determining arbitrability of a particular claim under a broad arbitration provision is whether a "significant relationship" exists between the claim and the agreement containing the arbitration clause regardless of the legal label attached to the dispute. *Seifert v. U.S. Home Corp.,* 750 So.2d 633, 637-38 (Fla. 1999).

---

[3] Where Plaintiff derives his claim through Ms. Goldstein, Plaintiff is bound by Ms. Goldstein's acceptance. *See generally Estate of Malkin by Guarnero v. Sail Funding Tr. II,* 15-CIV-62092, 2016 WL 8729959, at *7 (S.D. Fla. Feb. 2, 2016); *see also THI of New Mexico at Hobbs Ctr., LLC v. Spradlin*, 893 F. Supp. 2d 1172, 1190 (D.N.M. 2012), aff'd, 532 Fed. Appx. 813 (10th Cir. 2013).

6

Under the FAA, 9 USC § 2, a court must enforce an arbitration agreement according to its terms, and no exception exists for a cause of action founded on statutory rights. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 626–27, 105 S. Ct. 3346, 3354, 87 L.Ed.2d 444 (1985) (holding that "the Act itself provides no basis for disfavoring agreements to arbitrate statutory claims by skewing the otherwise hospitable inquiry into arbitrability").

As outlined in the Eleventh Circuit decision in *Davis v. Southern Energy Homes, Inc*., "[i]n every statutory right case that the Supreme Court has considered, it has upheld binding arbitration if the statute creating the right did not *explicitly* preclude arbitration." 305 F.3d 1268 (11th Cir. 2002). "Having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Mitsubishi Motors Corp.,* 473 U.S. at 628, 105 S.Ct. at 3354–55. Thus, unless Congress has clearly expressed an intention to preclude arbitration of the statutory claim, a party is bound by its agreement to arbitrate.

"[A] party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Dulaw Mgmt. Ltd. v. PHL Variable Ins. Co.,* No. 08-61167-CIV, 2008 WL 4525008, at *1 (S.D. Fla. 2008) (citing *Green Tree Fin. Corp.-Ala. v. Randolph,* 531 U.S. 79, 91 (2000)). Crucially, "[a]ny doubts about the scope of arbitrable issues should be resolved in favor of arbitration." *Brown v. Napleton's W. Palm Hyundai*, 20-81903-CIV, 2021 WL 3286852, at *2 (S.D. Fla. July 23, 2021) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). Therefore, in the presence of an arbitration agreement, courts should find the dispute at issue subject to arbitration, "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Dist. No. 1-Marine Eng'rs Beneficial Ass'n, AFL-CIO v. GFC. Crane Consultants, Inc.,* 331 F.3d 1287,

7

1290 (11th Cir. 2003).

In the instant matter, the Arbitration Provision covers any claim or dispute, "which arises out of or relates to your . . . purchase or condition of this Vehicle, this Order and Agreement [(the Lease and Arbitration Provision)] or any resulting transaction or relationship including any such relationship with third parties who do not sign this Order and Agreement." *See* Lease Packet, at p. 2, at Exhibit "A." Despite admitting Mr. Goldstein purchased the Vehicle individually, Plaintiff alleges that *Plaintiff* was injured when Mrs. Goldstein executed the Lease when not fully advised of the purchase option price of the vehicle. Plaintiff also claims Mr. Goldstein suffered injury when Mr. Goldstein paid more money than what was explicitly disclosed in the Lease to purchase the Vehicle. *See generally* Compl.  In other words, Plaintiff's claim concerns the terms of the Lease and subsequent purchase of the Vehicle, which falls squarely in the category of claims or disputes covered by the Arbitration Provision. *See* Lease Packet, at p. 2, at Exhibit "A." As a result, there is no question that an arbitrable issue exists. *See GFC. Crane Consultants, Inc.,* 331 F.3d at 1290; *see also Brown*, 2021 WL 3286852, at *2 (finding that the plaintiff's claims under Florida's Deceptive and Unfair Trade Practices Act, which were related to the purchase of the vehicle were encompassed by the arbitration provision that covered "any claim or dispute, whether in contract, tort, statute or otherwise ... which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship.").

### C.    North Palm Has Not Waived Its Arbitration Rights

To determine whether a party has waived arbitration, a court considers whether "under the totality of the circumstances the party has acted inconsistently with the arbitration right." *Ayala-Rodriguez*, 2019 WL 13216292, at *6 (quoting *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1236 (11th Cir. 2018)).  In other words, the question is "whether a party has 'substantially

8

invoke[d] the litigation machinery prior to demanding arbitration.'" *Id.* Crucially, waiver applies when a party "'elects to forego arbitration when it believes that the outcome in litigation will be favorable to it, proceeds with extensive discovery and court proceedings, and then suddenly changes course and pursues arbitration when its prospects of victory in litigation dim.'" *Id.* The primary inquiry is "'fair notice to the opposing party and the District Court of a party's arbitration rights and its intent to exercise them.'" *Id.* Whether fair notice has been given "'at a relatively early stage of litigation is a primary factor in considering whether a party has acted consistently with its arbitration rights.'" *Ayala-Rodriguez,* 2019 WL 13216292, at *6 (quoting *Gutierrez*, 889 F.3d at 1237).

On February 2, 2023, Plaintiff initiated the instant action. [D.E. 1] On March 6, 2023, North Palm filed its Answer, within which it affirmatively states:

> Defendant states that Plaintiff failed to pursue alternative dispute resolution prior to initiating this suit, as the Lease requires that Plaintiff submit any claim pertaining to the Lease to mediation prior to filing a lawsuit.

*See* Answer, p. 5 [D.E. 16].

In compliance with the applicable rules, and this Court's Order Setting Trial, the parties exchanged their initial Rule 26 disclosures on March 22, 2023. On March 31, 2023, North Palm again advised Plaintiff of North Palm's intent to pursue its right to arbitrate this dispute. On April 10, 2023, by way of its Excusal Motion, North Palm notified the Court of the existence of the Arbitration Provision and North Palm's intent to exercise its rights under the Arbitration Provision. [D.E. 18]. To date, no discovery has been propounded by either party. Further, trial is not scheduled to occur until the four-week trial period commencing on December 4, 2023. [D.E. 11].

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

As such, where there is a presumption against finding waiver, discovery has not been propounded, Plaintiff was on notice of North Palm's intent to pursue arbitration at an early stage, and trial is projected to occur in December 2023, North Palm has not waived its right to arbitrate. *See Robert P. Boswell, D.M.V., P.A. v. Scott J. Swerdlin, D.M.V., P.A.*, 08-80482-CIV, 2008 WL 11332004, at \*5 (S.D. Fla. Sept. 25, 2008), report and recommendation adopted, 08-80482-CIV, 2008 WL 11333663 (S.D. Fla. Oct. 15, 2008) (finding no waiver where the defendants moved to compel arbitration two months after defendants removed the action to federal court, and one defendant raised arbitration as an affirmative defense while the other defendant moved to dismiss the complaint). *Jones v. Sallie Mae, Inc.*, 3:13-CV-837-J-99MMH, 2013 WL 6283483, at \*9 (M.D. Fla. Dec. 4, 2013) (citing *Gimenez v. American Sec. Ins. Co.*, 8:08–cv–2495, 2009 WL 257540 (M.D. Fla. Feb.3, 2009) (finding no waiver where the defendant removed action to federal court, filed an answer, made initial disclosures, and participated in case management and scheduling negotiations prior to moving to compel arbitration)).

### D.     The Action Should Be Stayed Pending Arbitration

The FAA provides that a court, upon determination that an action before it is subject to an enforceable arbitration provision, "shall … stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3; *see Suarez-Valdez v. Shearson Lehman/Am. Exp., Inc.,* 858 F.2d 648, 649, n.2 (11th Cir. 1988)(finding that the court's denial of a motion to stay federal proceedings pending arbitration was "in direct contravention of" Supreme Court precedent). Accordingly, North Palm requests that this Court stay the action pending completion of arbitration between the parties.

### III.    Conclusion

It cannot be reasonably disputed that that by signing the Lease, Mrs. Goldstein, and by

extension, Plaintiff, agreed that North Palm may arbitrate any controversy arising out of the leasing or purchase of the Vehicle and, in doing so, Plaintiff expressly waived right to a jury trial should North Palm move to exercise its right to arbitrate under the Arbitration Provision. Plaintiff's claim falls squarely within the scope of the valid and enforceable arbitration provisions, which North Palm has timely invoked, and this Court should compel arbitration and stay this action.

## **CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(3), on April 7, 2023, Counsel for Defendant conferred with Plaintiff's counsel, Joshua Feygin, Esq., via e-mail. Plaintiff's counsel stated Plaintiff does not consent to the relief sought in the motion.

**WHEREFORE**, Defendant respectfully requests this Court enter an order compelling Plaintiff to submit to arbitration for all claims set forth in the Complaint, and staying this action pending completion of arbitration proceedings, and granting any other relief in favor of Defendant this Court deems just and proper.

Dated: April 14, 2023                    Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
*Attorneys for Defendant*
222 Lakeview Avenue
Suite 120
West Palm Beach, FL 33401
Telephone: (561) 383-9200
Facsimile: (561) 683-8977

By: */s/ Jillian Strasser*
JILLIAN STRASSER
FL Bar No.: 113611
SANIQUE BALAN
FL Bar No.: 1030879

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that that on this 14th day of April 2023, a true and correct copy of foregoing was filed electronically via the CM/ECF System and served via e-notice on counsel of record for all parties identified below.

*s/ Jillian Strasser*
Jillian Strasser

## **SERVICE LIST**

Joshua Feygin, Esq.
Sue Your Dealer – A Law Firm
1930 Harrison Street Suite 208 F
Hollywood, FL 33020
Telephone: (954) 228-5674
Facsimile: (954) 697-0357
Email: Josh@JFeyginesq.com
*Counsel for the Plaintiff*

Darren R. Newhart, Esq.
Newhart Legal, P.A.
14611 Southern Blvd. Suite 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile: (561) 473-2946
E-mail: darren@newhartlegal.com
*Counsel for the Plaintiff*

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 – (561) 683-8977 FAX

# EXHIBIT A

# GENESIS FINANCE

## Florida Motor Vehicle Lease Agreement

DEAL# 45549
CUST# 5612342121
STK# KU296532
Call us toll-free at 84-GENESIS-7 (844-363-7477)

Lease Date __04/15/2019__

### 1. PARTIES AND VEHICLE DESCRIPTIONS

**LESSEE**

| | |
|---|---|
| Lessee | **TINA GOLDSTEIN** |
| Billing Address | **10762 THOMAS LAKE MANOR** |
| | Address |
| | **BOYNTON BEACH** FL 33473 |
| | City   County   State   Zip |

**LESSOR (Dealer)**

| | |
|---|---|
| Dealer | **NORTH PALM HYUNDAI** |
| Address | **3703 NORTHLAKE BLVD** |
| | Street Address |
| | **PALM BEACH GARDENS   FL   33403** |
| | City   County   State   Zip |

**CO-LESSEE**

| | |
|---|---|
| Co-Lessee | **N/A** |
| Billing Address | ☐ Check box if same as Lessee |
| | **N/A** |
| | Address |
| | **N/A**   N/A   N/A |
| | City   County   State   Zip |

**GARAGING ADDRESS**

☒ Check box if same as Lessee's Billing Address
☒ Check box if same as Co-Lessee's Billing Address
**N/A**
(Street Address - No P O Boxes)
**N/A**   N/A   N/A
City   County   State   Zip

**LEASED VEHICLE**

☒ New  ☐ Used

| | | |
|---|---|---|
| 2019 | **GENESIS** | **G80** |
| Year | Make | Model |
| 37 | KMHGN4JE7KU296532 | |
| Odometer | VIN | |

☐ If checked, the Vehicle's primary intended use is for a Business, Commercial or Agricultural purpose

**DESCRIPTION OF TRADE-IN VEHICLE**

| | | |
|---|---|---|
| N/A | N/A | N/A |
| Year | Make | Model |

| | |
|---|---|
| Gross Agreed Upon Trade-in Allowance  . . . . . . . . . . $ | **N/A** |
| Outstanding Prior Credit or Lease Balance | |
| (To Be Paid by Dealer/Lessor) . . . . . . . $ | **N/A** |
| Net Trade-in Allowance (if less than 0, then enter 0) . . . $ | **0.00** |

Lessee and Co-Lessee ("you," "your" and together the "Lessee") each agree to lease the Leased Vehicle described above, including all equipment, parts and accessories (the "Vehicle") from Lessor ("we," "us" and "our") according to the terms and conditions of this Motor Vehicle Lease Agreement ("Lease"). Each of you who executes this Lease will be individually liable to us for all Lease obligations and for the entire amount owing under this Lease. After you sign this Lease, we will assign it to Hyundai Lease Titling Trust ("HLTT") and the terms "Assignee," "we," "us" and "our" will refer to HLTT and its agents or to any subsequent assignee.

### FEDERAL CONSUMER LEASING ACT DISCLOSURES

| 2. AMOUNT DUE AT LEASE SIGNING OR DELIVERY (Itemized below)* | 3. MONTHLY PAYMENTS | 4. OTHER CHARGES (Not part of your Monthly Payment) | 5. TOTAL OF PAYMENTS (The amount you will have paid by the end of the Lease) |
|---|---|---|---|
| | A. Your first Monthly Payment of $ **604.16** is due on **04/15/2019** followed by **35** payments of $ **604.16** due on the **16th** of each month, beginning on **05/16/19** | A. Turn-in Fee (if you do not purchase the Vehicle)  $ **400.00** | |
| | | B. **N/A**  $ **N/A** | |
| $ **3300.00** | B. The Total of your Monthly Payments is $ **21749.76** | C. Total  $ **400.00** | $ **24845.60** |

### 5. ITEMIZATION OF AMOUNT DUE AT LEASE SIGNING OR DELIVERY

**A. Amount Due at Lease Signing or Delivery:**

| | | |
|---|---|---|
| (1) | Capitalized Cost Reduction | $ 932.26 |
| (2) | Sales/Use Tax on Capitalized Cost Reduction | $ 65.26 |
| (3) | First Monthly Payment | $ 604.16 |
| (4) | Refundable Security Deposit | $ N/A |
| (5) | Acquisition Fee | $ N/A |
| (6) | Initial License, Title and Registration Fees . | $ 305.85 |
| (7) | Sales/Use Tax | $ 76.97 |
| (8) | Battery Fee Upfront  1.50 / Rental Surcharge  60 00 / Tire Fee  5.00 | $ 66.50 |
| (9) | MVWEA FEE  2.00/Priv-Tag-Agency**  149 00/Dealer Doc Fee Upfmt 1098.00 | $ 1249.00 |
| (10) | N/A | $ N/A |
| (11) | TOTAL........................................................$ | 3300.00 |

**B. How the Amount Due at Lease Signing or Delivery will Be Paid:**

| | | |
|---|---|---|
| (1) | Net Trade-in Allowance  .  .  . | $ 0.00 |
| (2) | Rebates and Noncash Credits | $ 2500.00 |
| (3) | Amount to Be Paid in Cash | $ 800.00 |
| (4) | N/A | $ N/A |
| (5) | TOTAL .........................................................$ | 3300.00 |

---

**71989*1*NPH-FI**

04/15/2019  01:00 pm

Lessee Initials X _TG_   Co-Lessee Initials X ____ **N/A**   Page 1 of 8

## YOUR MONTHLY PAYMENT IS DETERMINED AS SHOWN BELOW

A. **Gross Capitalized Cost.** The agreed upon value of the Vehicle ($ _____47859.95_____ ) and any items you pay over the Lease Term (such as service contracts, insurance, and any outstanding prior credit or lease balance)    $ __50268.95__

B. **Capitalized Cost Reduction.** The amount of any Net Trade-in Allowance, Rebate, Noncash Credit, or Cash you pay that reduces the Gross Capitalized Cost    – $ __932.26__

C. **Adjusted Capitalized Cost.** The amount used in calculating your Base Monthly Payment    = $ __49336.69__

D. **Residual Value.** The value of the Vehicle at the end of the Lease used in calculating your Base Monthly Payment    – $ __29873.20__

E. **Depreciation and any Amortized Amounts.** The amount charged for the Vehicle's decline in value through normal use and for other items paid over the Lease Term    = $ __19463.49__

F. **Rent Charge.** The amount charged in addition to the Depreciation and any Amortized Amounts    + $ __1055.07__

G. **Total of Base Monthly Payments.** The Depreciation and any Amortized Amounts plus the Rent Charge    = $ __20518.56__

H. **Lease Payments.** The number of payments in your Lease    + __36__

I. **Base Monthly Payment**    = $ __569.96__

J. **Monthly Sales/Use Tax**    + $ __34.20__

K. **Other (specify):** __N/A__    + $ __N/A__

L. **Total Monthly Payment**    = $ __604.16__

---

**EARLY TERMINATION.** You may have to pay a substantial charge if you end this Lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the Lease is terminated. The earlier you end the Lease, the greater this charge is likely to be.

---

## 6. EXCESS WEAR AND USE

You may be charged for excess wear based on our standards for normal use and for mileage in excess of _____10000_____ miles per year (prorated based on the number of months in the Lease Term) at the rate of 25¢ per mile  No rebate or credit will be paid to you if the mileage is less than the specified amount

☐ If this box is checked, you have purchased an additional _____N/A_____ miles per year (prorated based on the number of months in the Lease Term), at 20¢ per mile, which is included in your Monthly Payment  No rebate or credit will be paid to you if the end of term mileage is less than the specified amount

## 7. PURCHASE OPTION AT END OF LEASE TERM

You have an option to purchase the Vehicle from us at the scheduled end of the Lease Term, **AS IS, WHERE IS**, from us or a party we designate, (See Section 23), for the Residual Value on line 7D above ("Purchase Price") plus a **Purchase Option Fee of $** _____0.00_____ You are also responsible for any official fees, such as those for taxes, tags, license and registration  *Please see Section 23 of this Lease for additional terms and conditions*

## 10. OTHER IMPORTANT TERMS

See the entirety of this Lease (8 pages total) for additional information on early termination, purchase options, maintenance responsibilities, warranties, late and default charges, insurance, and any security interest, if applicable

**Notice:** If you do not meet your Lease obligations, you may lose the Vehicle

| 11. ITEMIZATION OF GROSS CAPITALIZED COST | | |
|---|---|---|
| A | Agreed Upon Value of Vehicle | $ __47859.95__ |
| B | Sales/Use Tax | $ __N/A__ |
| C | License, Title and Registration Fees | $ __N/A__ |
| D | Outstanding Prior Credit or Lease Balance | $ __0.00__ |
| E | Dealer Documentation/Service Fee** | $ __N/A__ |
| F | AWS PLATINUM PLUS | $ __688.00__ |
| G | N/A | $ __N/A__ |
| H | TW 372.00 | $ __372.00__ |
| I | KEY 599.00 | $ __599.00__ |
| J | N/A | $ __N/A__ |
| K | Acquisition Fee | $ __750.00__ |
| L | Total = Gross Capitalized Cost ...................$ | __50268.95__ |

| 12. TERM AND SCHEDULED MATURITY DATE | |
|---|---|
| The Lease Term is __36__ months ("Lease Term") | |
| The Scheduled Maturity Date __04/16/2022__ | |

*[This area intentionally left blank.]*

** This charge represents costs and profit to the dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing documents related to the sale.

## TERMS AND CONDITIONS

A   Definitions  As used in this Order the terms  (a) "Customer" shall mean the party(ies) acquiring the Vehicle, (b) "Vehicle" shall mean the vehicle which is the subject of this Order, (c) "Manufacturer" shall mean the manufacturer that manufactured the Vehicle, (d) "Trade-In" shall mean the automobile(s), but not a Lease Walk away, conveyed by Customer to Dealer and described on page 2 of this Order, which is being applied towards the acquisition costs of the Vehicle, (e) "ACV" shall mean the actual cash value of the Trade-In, as determined by the National Auto Research Black Book Official Used Car Market Guide based on its condition, current as of the date of Customer's delivery of the Trade-In to Dealer, or if the Trade-In is too old to be in such guide, the average auction price at the time of this Order at the Central Florida Automobile Auctions (open only to licensed automobile dealerships) of automobiles of similar equipment, condition model and year as the Trade-In, (f) "Pre-owned Allowance &/or Discount" as identified on page 1 of this Order is the sum of the ACV plus any discount and/or credit given by Dealer towards the price of the Vehicle, (g) "Demonstrator" (as defined by Chapter 320, Florida Statutes), commonly referred to as "Demo" will be considered a new Vehicle, and (h) "executive vehicle" refers to a vehicle used exclusively by Manufacturer, its subsidiary, or a dealer for the commercial or personal use of the manufacturer's, subsidiary's, or dealer's employees and is considered a new Vehicle, and (i) "Lease Agreement" means an agreement by which the Vehicle is provided on a rental payment basis, subject to agreed upon terms and conditions  Terms in general will be interpreted based on Florida statutory definitions, if any

B   Vehicle  Customer must accept and take delivery of Vehicle within 48 hours from its availability  Failure by Customer to do so shall constitute a material breach of this Order  By taking possession of the Vehicle, Customer, unless otherwise confirmed in writing by Dealer, acknowledges that Vehicle has no defects, flaws or irregularities that would be detected during a visual examination and that no equipment or option is missing  Dealer shall not be liable for failing to deliver or for any delay in delivery where such failure or delay is due, in whole or in part, to any cause beyond the control or without the fault or negligence of Dealer  Manufacturer has reserved the right to change the design of any new motor vehicle, chassis and any accessories or parts thereof at any time without notice and without obligation to make the same or any similar change upon any motor vehicle, chassis, accessories or parts thereof previously purchased by or shipped to Dealer or being manufactured or sold in accordance with Dealer's contracts  In the event of any such change by Manufacturer, Dealer shall have no obligation to Customer to make the same or any similar change in any motor vehicle, chassis, accessories or parts thereof covered by this Order either before or subsequent to delivery thereof to Customer  Dealer shall have no duty to disclose intended design changes by Manufacturer  Lien right(s) of optional Dealer installed accessories, equipment listed on page 1 of this Order, service contracts or extended service policy shall not be construed as having been produced, supplied, issued by or installed by Manufacturer  With respect to a new Vehicle, all equipment and options existing at the time the Vehicle was shipped by the Manufacturer were produced by the Manufacturer and/or its world wide suppliers  Items installed thereafter may not be products of the Manufacturer  Neither the Manufacturer, nor Dealer warrant these items  Dealer does not warrant or guarantee the mileage indicated on the used Vehicle is accurate or that it may not have been altered by persons in possession prior to Dealer  Customer acknowledges that new vehicles may be delivered by the Manufacturer with some in-transit damage and acknowledges that sometimes new vehicles are damaged from being moved on or around the Dealer's property  Customer acknowledges that Customer may not be advised, except as required by Florida Statutes, if such damage occurs to a new Vehicle and is repaired

C   Trade-In  Customer grants, bargains, conveys, sells, assigns and transfers to Dealer all of Customer's right, title and interest in the Trade-In  Customer fully warrants title to the Trade-In and that it is free and clear of all liens and encumbrances except as otherwise noted herein and will defend same against the claims of all persons whomsoever  Customer agrees to deliver to Dealer satisfactory evidence of title to any Trade-In at the time of its delivery to Dealer  If Customer fails to pay any undisclosed or understated liens, Customer shall be in material breach of this Order  In the event that the Trade-In has more mileage than represented by Customer or any of Customer's representations regarding the Trade-In are false, Customer shall be obligated to pay Dealer the difference between the ACV of the Trade-In as represented and the correct ACV within 10 days from written demand  Dealer may recover all consequential and incidental damages arising from Customer's breach of any warranty regarding the Trade-In  Dealer may reappraise the Trade-In if before its possession is delivered to Dealer, it is damaged or parts or accessories have been removed  If such reappraised value results in a "Pre-owned Allowance &/or Discount" that is lower than the allowance shown hereon, Customer may, if dissatisfied therewith, terminate this Order

D   Rebates / Payment / Incentives  Dealer has no obligation to disclose to Customer the availability of any incentives or rebate  All incentives and rebates shown on page 1 hereof are hereby assigned to Dealer  If Customer is receiving a discount or credit based on a specific relationship with the Manufacturer, Customer must furnish all necessary documentation, information, verification and certificates within 30 days  In the event that Customer fails to timely do so or in the event any moneys to be paid at inception are not paid or non-negotiable (i e , NSF), Customer shall be in breach of this Order

E   Mandatory Mediation  Before any party institutes an action, other than one that is expressly outside the scope of the arbitration provision, the parties must first mediate the dispute before a court certified mediator, which mediation shall be conducted in the county where the Dealer is situated  The parties shall jointly select the mediator and equally divide the cost of the mediator  The parties shall use good faith in selecting the mediator and participating in the mediation

F   Additional Equipment and Accessories  If the vehicle has equipment or accessories other than as described on the Manufacturer's window sticker, such items may have been fabricated or distributed by other than the Manufacturer and may not be endorsed by the Manufacturer  In such instance(s), the equipment or accessory will not be covered by the Manufacturer's express limited warranty covering the Vehicle  Check with Dealer for a list of any such equipment or accessory on the Vehicle

G   Miscellaneous  This Order shall survive the execution of the Lease Agreement  To the extent any terms herein conflict with the terms of the Lease Agreement (except as to dollar amounts), this Order shall control and govern  Waste tire fees and lead-acid battery fees, if applicable and if included in the price of Vehicle, are payable to the State of Florida, Department of Revenue  Dealer is not the agent of the Manufacturer  This Order cancels and supersedes any prior contract and comprises the complete and exclusive statement of the terms of the Order relating to the subject matters covered hereby, and constitutes the entire Order between the parties  There are no representations or contracts between the parties except as set forth herein or contemporaneously executed  This Order may not be changed, modified or extended except by an instrument in writing and signed by the parties  In the event this Order or any other contract or document executed by Customer contains a clerical or computation error or if additional documentation is necessary in order to effectuate the parties' intent, Customer agrees to cooperate with the execution of such (corrected) documentation and produce the additional documentation  Should Customer unreasonably refuse to give such cooperation, Customer shall be in material breach of this Order  By execution of this Order, Customer certifies being 18 years old or older  Customer has read, understands and accepts all provisions of this Order and the Warranty Statement  The parties enter into this Order freely and voluntarily in the absence of any duress or coercion  Customer agrees to pay, unless prohibited by law, any and all taxes applicable to this transaction, regardless of which party may have the primary tax liability therefor  The Florida Title, Registration and License fees are the result of a highly complicated formula  As a result, the amounts charged may only be estimates  If the amount of taxes and government fees identified on page 1 hereof is less than the correct amount, Customer shall be obligated to Dealer for such difference  If the amount charged exceeds the correct amount, Dealer shall refund to Customer the difference  Dealer's obligations and rights hereunder may be assigned as this Order shall inure to the benefit of Dealer, its successors and/or assigns  All paragraph headings set forth in this Order are intended for convenience only and shall not control or affect the meaning or construction of the provisions hereof  All remedies afforded in this Order shall be taken and construed as cumulative, that is, in addition to every other remedy provided therein or by law  The failure of Dealer to enforce at any time any of the provisions of this Order, or to exercise any option herein provided, or to require at any time performance by Customer of any of the provisions hereof, shall in no way be construed to be a waiver or create an estoppel from enforcement of such provisions, nor in any way to affect the validity of this Order or any part thereof, or the right of Dealer to thereafter enforce each and every such provision, or to seek relief as a result of the prior breach  This Order is an essential document to any claim by Customer against Dealer in connection with the leasing of the Vehicle

H   Termination  In the event this Order is terminated by either Dealer or Customer as permitted by this Order, including, but not limited to the failure to obtain Lease Approvals  (a) Dealer will be entitled to the immediate return of the Vehicle and Customer shall be obligated to return the Vehicle to Dealer within 24 hours of the date of termination, and (b) Customer shall be liable to Dealer for $1 00 per mile used over and above 25 miles per day average, plus any wear, tear or damage to the Vehicle and diminution in value  In the event that the Vehicle is not returned within this time period, such failure will constitute a material breach of this Order and Dealer shall have those remedies as described in paragraph "I" below  Otherwise, Customer will be entitled to the return of their inception money subject to a lien in favor of Dealer for any amount due it hereunder  If a Trade-In was applied towards the Vehicle's acquisition, it shall be returned to Customer upon payment of a reasonable charge for storage, lien payoffs and repairs (if any) or, if it has been already sold by Dealer, Customer shall be entitled to the "Net Trade-in Proceeds", calculated as follows  the ACV, less the sum of (i) liens, (ii) costs incurred by Dealer to repair and/or ready it for sale, and (iii) a selling commission equal to 15% of the ACV  If the Net Trade-In Proceeds is negative, then Customer shall be obligated to Dealer for that amount

I   Dealer's Recourse  In the event this Order is breached by Customer, Dealer shall (a) have the right to the immediate return of Vehicle and to repossess same, with or without legal action, and to peacefully enter onto any property in which Customer has an interest in order to effectuate such repossession, (b) be entitled to compensation for Customer's use of Vehicle equal to (i) $1 00 per mile used, and (ii) $30 00 for each day Customer is in possession of Vehicle, unless the Vehicle's Cash Price exceeds $20,000, then $45 00 per day, (c) be entitled to compensation for any damage, including but not limited to unusual wear and tear to the Vehicle and repossession related charges, as well as detailing and restocking costs, (d) have a lien on any Trade-In or the Net Trade-In Proceeds, and any payments made by Customer hereunder, (e) have the right to attach and perfect a lien against the Vehicle or Trade-In for those amounts due it hereunder, and Customer hereby consents to and authorizes same for which authority Customer grants Dealer an irrevocable power of attorney to record that lien, and (f) be entitled to any other remedy available at law or equity  In the event Dealer repossesses the Vehicle, Customer shall hold Dealer harmless and indemnified from any liability, damages or consequential damages arising out of an authorized repossession, including any claims from third parties asserting an interest in personalty left in Vehicle

J   Servicing and Collection Contacts  You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows  You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you

72101*1*NPH-FI   THERE ARE NO WARRANTIES  EXPRESS OR IMPLIED AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM  CONSULT YOUR OWN LEGAL COUNSEL.

**ARBITRATION PROVISION**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this Vehicle, this Order and Agreement or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Order and Agreement) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www adr org), or any other organization to conduct the arbitration subject to our approval You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this Order and Agreement was executed We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U S C § 1 et seq ) and not by any state law concerning arbitration Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the Vehicle, to recover a deficiency balance, or for individual injunctive relief Any court having jurisdiction may enter judgment on the arbitrator's award This Arbitration Provision shall survive any termination, payoff or transfer of this Order and Agreement If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable

DO NOT SIGN BELOW UNTIL YOU HAVE READ AND UNDERSTOOD ALL OF THE TERMS AND CONDITIONS CONTAINED ON ALL PAGES OF THIS ORDER. BY SIGNING BELOW, YOU ACKNOWLEDGE THAT EXCEPT AS OTHERWISE PROVIDED IN WRITING, THIS REPRESENTS THE ENTIRE AGREEMENT AND THAT YOU HAVE NOT RELIED ON ANY ORAL REPRESENTATION, PROMISE OR AGREEMENT NOT CONTAINED WITHIN THIS WRITTEN CONTRACT. THIS ORDER IS NOT BINDING UNTIL EXECUTED BY DEALER'S MANAGER. CUSTOMER REPRESENTS AND WARRANTS THAT ALL INFORMATION PROVIDED TO DEALER IN CONNECTION WITH THIS TRANSACTION IS COMPLETE AND ACCURATE. CUSTOMER HAS READ, UNDERSTANDS AND ACCEPTS ALL PROVISIONS OF THIS ORDER AND THE WARRANTY STATEMENT.

Section 501.98, Florida Statutes, requires that, at least 30 days before bringing any claim against a motor vehicle dealer for an unfair or deceptive trade practice, a consumer must provide the dealer with a written demand letter stating the name, address, and telephone number of the consumer; the name and address of the dealer; a description of the facts that serve as the basis for the claim; the amount of damages; and copies of any documents in the possession of the consumer which relate to the claim. Such notice must be delivered by the United States Postal Service or by a nationally recognized carrier, return receipt requested, to the address where the subject vehicle was purchased or leased or where the subject transaction occurred, or an address at which the dealer regularly conducts business.

X _____          X ____N/A____
**Customer's Signature**              **Co-Customer's Signature**

This Order and Agreement represents the final agreement between the parties related to the sale and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties

X _____          X ____N/A____
**Customer's Signature**              **Co-Customer's Signature**

**You have read each page of this Order and Agreement, including the arbitration provision on page 4 of this agreement, and agree to its terms. You have received a completely filled in copy of this Order.**

Customer Signs: X _____     Co-Customer Signs: X ____N/A____

Accepted by Dealer: X _____     By: _____

THERE ARE NO WARRANTIES EXPRESS OR IMPLIED AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM CONSULT YOUR OWN LEGAL COUNSEL.

# EXHIBIT B

# FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES

## APPLICATION FOR CERTIFICATE OF TITLE WITH/WITHOUT REGISTRATION

SUBMIT THIS FORM TO YOUR LOCAL TAX COLLECTOR OFFICE

www.flhsmv.gov/offices/

Deal # 73800
Stock # HOL296532

**CHECK APPLICATION TYPE** ☐ ORIGINAL ☒ TRANSFER  **VEHICLE TYPE** ☒ MOTOR VEHICLE ☐ MOBILE HOME ☐ VESSEL  **OFF-HIGHWAY VEHICLE** ☐ ATV ☐ ROV ☐ MC

### 1 — OWNER / APPLICANT INFORMATION

| Customer Number | Check this box if you are requesting the certificate of title to be printed | Owner | Co-Owner | Unit Number | Fleet Number |
|---|---|---|---|---|---|
| 208038917 | ☒ | Are you a Florida resident? ☒ yes ☐ no | ☐ yes ☒ no | | |
| | | Are you an alien? ☐ yes ☒ no | ☐ yes ☒ no | | |

☐ OR ☐ AND **NOTE** When joint ownership, please indicate if "or" or "and" is to be shown on title when issued. If neither box is checked, the title will be issued with "and"
If applicable ☐ Life Estate/Remainder Person ☐ Tenancy By the Entirety ☐ With Rights of Survivorship ☒ Owner's County of Residence — **PALM BEACH**

| Owner's Name As It Appears on Driver License (First, Full Middle/Maiden, & Last Name) | Owner's Email Address | Date of Birth | Sex | FL Driver License or FEID/Suffix # |
|---|---|---|---|---|
| BERNARD GOLDSTEIN | | | M | |

| Co-Owner/Lessee's Name As It Appears on Driver License (First, Full Middle/Maiden, & Last Name) | Co-Owner's/Lessee's Email Address | Date of Birth | Sex | FL Driver License or FEID/Suffix # |
|---|---|---|---|---|
| | | | | |

| Owner's Mailing Address (Mandatory unless a member of the Military) | City | State | Zip |
|---|---|---|---|
| 10762 THOMAS LAKE MNR | 33473 | FL | 33473 |

| Co-Owner's/Lessee's Mailing Address (Mandatory unless a member of the Military) | City | State | Zip |
|---|---|---|---|
| | | | |

| Owner's/Lessee's Physical Street Address in Florida (Mandatory unless a member of the Military) | City | State | Zip |
|---|---|---|---|
| 10762 THOMAS LAKE MNR | 33473 | FL | 33473 |

| Mobile Home Physical Address (if applicable) Check if in a mobile home rental park with 10 or more lots | City | State | Zip |
|---|---|---|---|
| | | | |

| Mail To Customer Name (if different From Above Owner) | Mail To Customer's Email Address | Date of Birth | Sex | FL Driver License or FEID/Suffix # |
|---|---|---|---|---|
| | | | | |

| Mail To Customer Address (if different From Above Mailing Address) | City | State | Zip |
|---|---|---|---|
| | | | |

### 2 — MOTOR VEHICLE, MOBILE HOME OR VESSEL DESCRIPTION

| Vehicle/Vessel Identification Number | Make/Manufacturer | Year | Body | Color | Florida Title Number |
|---|---|---|---|---|---|
| KMHGN4JE7KU296532 | GENS | 2019 | 4D | WHI | 134535665 |

| Previous State of Issue | License Plate or Vessel Registration Number | Weight | Length FL In | BHP/CC | GVW/LOC | VAN USE, IF APPLICABLE |
|---|---|---|---|---|---|---|
| | 49AYXK | 4195 | | | | ☐ PASSENGER ☐ OTHER |

**TYPE**
☐ Open Motorboat ☐ Houseboat ☐ Personal Watercraft
☐ Cabin Motorboat ☐ Pontoon ☐ Canoe
☐ Auxiliary Sailboat ☐ Airboat ☐ Other _____ Specify
☐ Inflatable ☐ Sailboat

**HULL MATERIAL**
☐ Wood ☐ Aluminum
☐ Fiberglass ☐ Steel
☐ Wood/Fiberglass
☐ Other _____ Specify

**PROPULSION**
☐ Outboard ☐ Sail
☐ Inboard ☐ Air Propelled
☐ Inboard/Outboard
☐ Other _____ Specify

**FUEL**
☐ Gas
☐ Diesel
☐ Electric
☐ Other _____ Specify

**\*DRAFT OF VESSEL**
(The depth of water a vessel draws)
FT _____ IN _____
\*For all vessels 26' or more in length and all sailboats

**USE OF VESSEL**
☐ Recreational (Pleasure) ☐ Commercial Blue Crab ☐ Commercial Stone Crab ☐ Government ☐ Commercial Sponge
☐ Dealer/Manuf ☐ Commercial Fish ☐ Commercial Live Bait ☐ Commercial Shrimp Recip ☐ Commercial Charter ☐ Commercial Other
☐ Exempt ☐ Hire (Livery) ☐ Commercial Mackerel ☐ Commercial Shrimp Non-Recip ☐ Commercial Oyster ☐ Commercial Spiney Lobster

**PREVIOUS OUT-OF-STATE REGISTRATION NUMBER.**

Previously Federally Documented Vessel, Attach Copy of
☐ U S Coast Guard Release From Documentation Form, or ☐ Copy of Canceled Documentation Papers   State of Principal Use

### 3 — BRANDS, USAGE AND TYPE (Check Applicable Boxes)

☐ SHORT TERM LEASE ☐ LONG TERM LEASE ☐ REBUILT ☐ POLICE VEHICLE ☒ PRIVATE USE ☐ TAXI CAB ☐ FLOOD ☐ ILEV ☐ CUSTOM
☐ ASSEMBLED FROM PARTS ☐ BONDED TITLE ☐ KIT CAR ☐ GLIDER KIT ☐ MANUF BUY BACK ☐ REPLICA ☐ AUTONOMOUS ☐ ELECTRIC ☐ STREET ROD

### 4 — LIENHOLDER INFORMATION

| CHECK IF ELT CUSTOMER | ☐ FEID # ☐ DL # and Sex and Date of Birth ☐ DMV Account # | Date of Lien | Lienholder's Name NONE (m) |
|---|---|---|---|

| Lienholder's Email Address | Lienholder's Address | City | State | Zip |
|---|---|---|---|---|
| | | | | |

☐ If Lienholder authorizes the Department to send the motor vehicle or mobile home title to the owner, check box and countersign _____
(Does not apply to vessels) If box is not checked, title will be mailed to the first lienholder   (Signature of Lienholder's Representative)

### 5 — TRANSFER TYPE

IF OWNERSHIP HAS TRANSFERRED, HOW AND WHEN WAS THE VEHICLE, MOBILE HOME, OR VESSEL ACQUIRED?
☒ SALE ☐ GIFT ☐ REPOSSESSION ☐ COURT ORDER ☐ OTHER (SPECIFY) _____   DATE ACQUIRED 03 / 17 / 2022

### 6 — ODOMETER DECLARATION

WARNING: Federal and State law requires that you state the mileage in connection with an application for a Certificate of Title. Failure to complete or providing a false statement may result in fines or imprisonment.

I/WE STATE THAT THIS ☐ 5 OR ☒ 6 DIGIT ODOMETER NOW READS **2 1 5 5 1** XX (NO TENTHS) MILES, DATE READ 03 / 17 / 2022 AND I/WE HEREBY CERTIFY THAT TO THE BEST OF MY/OUR KNOWLEDGE THE ODOMETER READING

☒ 1 REFLECTS ACTUAL MILEAGE   ☐ 2 IS IN EXCESS OF ITS MECHANICAL LIMITS   ☐ 3 IS NOT THE ACTUAL MILEAGE

### 7 — DEALER SALES TAX REPORT AND VEHICLE TRADE IN INFORMATION (IF APPLICABLE)

| FLORIDA SALES TAX REGISTRATION NUMBER | DATE OF SALE | DEALER LICENSE NUMBER | AMOUNT OF TAX | DEALER/AGENT SIGNATURE |
|---|---|---|---|---|
| | 03/17/2022 | | 1866.10 | |

| YEAR OF TRADE IN | MAKE OF TRADE IN | TITLE NUMBER OF TRADE IN (IF KNOWN) | VEHICLE IDENTIFICATION NUMBER OF TRADE IN |
|---|---|---|---|
| | | | |

HSMV 82040 – REV. 11/15   RULE 15C-21.001, FAC   www.flhsmv.gov

**8**  MOTOR VEHICLE IDENTIFICATION NUMBER VERIFICATION

THIS SECTION REQUIRES A PHYSICAL INSPECTION AND A VERIFICATION OF THE VEHICLE IDENTIFICATION NUMBER (VIN) (OR THE MOTOR NUMBER FOR MOTOR VEHICLES MANUFACTURED PRIOR TO 1955) OF THE MOTOR VEHICLE DESCRIBED ON THIS FORM BY A LICENSED DEALER, FLORIDA NOTARY PUBLIC, POLICE OFFICER, OR FLORIDA DIVISION OF MOTOR VEHICLES EMPLOYEE OR TAX COLLECTOR EMPLOYEE. IF THE VIN IS VERIFIED BY AN OUT OF STATE MOTOR VEHICLE DEALER, THE VERIFICATION MUST BE SUBMITTED ON THEIR LETTERHEAD STATIONERY. COMPLETE THIS SECTION ON ALL USED MOTOR VEHICLES, INCLUDING TRAILERS, (WITH ABBREVIATION OF "TL" WITH A WEIGHT OF 2,000 POUNDS OR MORE) NOT CURRENTLY TITLED IN FLORIDA.

I, the undersigned, certify that I have physically inspected the above described vehicle and find the vehicle identification number to be _____ (Vehicle Identification Number)

03/17/2022  
DATE  SIGNATURE  PRINTED NAME

Law Enforcement Officer or Florida Dealer/Agency Name  NORTH PALM HYUNDAI  Badge # or Florida Dealer #  ▮▮▮  Notary Stamp or Seal

FL DMV/Tax Collector Employee _____ Florida Compliance Examiner/Inspector Badge or ID Number_____

COMMISSIONED NAME OF FLORIDA NOTARY _____ NOTARY'S SIGNATURE _____
(Print, Type or Stamp)

**9**  SALES TAX EXEMPTION CERTIFICATION

THE PURCHASE OF A RECREATIONAL VEHICLE TO BE OFFERED FOR RENT AS LIVING ACCOMMODATIONS DOES NOT QUALIFY FOR EXEMPTION  I CERTIFY THE RECREATIONAL VEHICLE, MOBILE HOME OR VESSEL DESCRIBED HAS BEEN PURCHASED AND IS EXEMPT FROM THE SALES TAX IMPOSED BY CHAPTER 212, FLORIDA STATUTES, BY

☐ PURCHASER (STATE AGENCIES, COUNTIES, ETC) HOLDS VALID EXEMPTION CERTIFICATE  CONSUMER'S CERTIFICATE OF EXEMPTION NUMBER

☐ MOTOR VEHICLE ☐ MOBILE HOME ☐ VESSEL WILL BE USED EXCLUSIVELY FOR RENTAL  SALES TAX REGISTRATION NUMBER

I hereby certify that ownership of the motor vehicle, mobile home or vessel described on this application, is not subject to Florida Sales and Use Tax for the following reason  ☐ INHERITANCE ☐ GIFT

☐ DIVORCE DECREE ☐ TRANSFER BETWEEN A MARRIED COUPLE ☐ EVEN TRADE OR TRADE DOWN (State the facts of the even trade or trade down and the transferor information, including the transferor's name and address, below under "Other Explain")

☐ OTHER (EXPLAIN) _____

**10**  REPOSSESSION DECLARATION

IF CHECKED, THE FOLLOWING CERTIFICATIONS ARE MADE BY THE APPLICANT.

☐ I CERTIFY THAT THIS MOTOR VEHICLE, MOBILE HOME OR VESSEL WAS REPOSSESSED UPON DEFAULT IN THE TERMS OF THE LIEN INSTRUMENT AND IS NOW IN MY POSSESSION
☐ (VESSEL) A PHOTOCOPY OF THE LIEN INSTRUMENT FOR THE VESSEL IS REQUIRED AND ATTACHED
☐ I AM REQUESTING THAT AN ORIGINAL CERTIFICATE OF REPOSSESSION BE ISSUED FOR THE MOTOR VEHICLE OR MOBILE HOME IN LIEU OF A TITLE (REPOSSESSION)
☐ I AM REQUESTING THAT A DUPLICATE CERTIFICATE OF REPOSSESSION BE ISSUED FOR THE MOTOR VEHICLE OR MOBILE HOME, AS THE ORIGINAL HAS BEEN LOST OR DESTROYED

**11**  NON-USE AND OTHER CERTIFICATIONS

IF CHECKED, THE FOLLOWING CERTIFICATIONS ARE MADE BY THE APPLICANT

☐ I CERTIFY THAT THE CERTIFICATE OF TITLE IS LOST OR DESTROYED
☐ THE VEHICLE IDENTIFIED WILL NOT BE OPERATED ON THE STREETS AND HIGHWAYS OF THIS STATE UNTIL PROPERLY REGISTERED
☐ THE VESSEL IDENTIFIED WILL NOT BE OPERATED ON THE WATERS OF THIS STATE UNTIL PROPERLY REGISTERED
☐ OTHER (EXPLAIN) _____

**12**  APPLICATION ATTESTMENT AND SIGNATURES

I/WE PHYSICALLY INSPECTED THE ODOMETER/VIN AND FURTHER AGREE TO DEFEND THE TITLE AGAINST ALL CLAIMS  (More than one form HSMV 82040 may be used for additional signatures)
UNDER PENALTIES OF PERJURY, I/WE DECLARE THAT I/WE HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

03/17/2022  03/17/2022
SIGNATURE OF APPLICANT (OWNER)  Date  SIGNATURE OF APPLICANT (CO-OWNER)  Date

**13**  RELEASE OF SPOUSE OR HEIRS INTEREST

The undersigned person(s) state(s) as follows  That _____ died on _____
(Name of Deceased)  (Date)

☐ testate (with a will)  ☐ intestate (without a will) and left the surviving heir(s) named below
☐ When applicable, the heir(s) (named below) certifies that the certificate of title is lost or destroyed

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.
(More than one form HSMV 82040 may be used for additional signatures.)

Print or Type Name of Spouse, Co-owner or Heir(s)  Signature of Spouse, Co-Owner or Heir(s)

That at the time of death the decedent was owner of the motor vehicle, mobile home or vessel described in section 2 of this form  The person(s) signing above hereby releases all of his/her/their right, title, interest and claim as heir(s) at law, legatee(s), devisee(s), or otherwise to the aforesaid motor vehicle, mobile home or vessel to

Name of Applicant(s) (Print or Type)

RESIDENTS OF FLORIDA AND ALL VESSEL OWNERS, RESIDING IN FLORIDA OR OUT OF STATE, SHOULD SUBMIT THIS FORM AND ALL REQUIRED DOCUMENTATION TO A LOCAL FLORIDA TAX COLLECTOR'S OFFICE OR THE FLORIDA TAX COLLECTOR'S OFFICE LOCATED IN THE APPLICANT'S COUNTY OF RESIDENCE FOR PROCESSING.
Check your local phone book government pages or visit the following website for current mailing addresses  http://www.flhsmv.gov/offices/ www.flhsmv.gov

**HSMV 82040 – REV. 11/15**  RULE 15C-21.001, FAC

3703 Northlake Blvd
Lake Park, FL 33403
(561) 721-3800

**Napletons North Palm Hyundai**

## AGREEMENT TO ARBITRATE

Customer Name(s): *BERNARD Goldstein*          Date. 3/17/2022

Vehicle Description 2019 Genesis G80

By entering into this Agreement to Arbitrate ("Agreement"), Customer(s) and Dealership, including any Assignee (collectively referred to as "the Parties") agree, except as otherwise provided in this Agreement, to settle by binding arbitration any dispute between them regarding: **(1)** the purchase/lease by Customer(s) of the above-referenced Vehicle, **(2)** any products and services purchased in conjunction with the Vehicle, **(3)** any financing obtained in connection with the transaction, and/or **(4)** any other dispute between them related to the purchase/lease transaction. Matters that the Parties agree to arbitrate include, but are not limited to, disputes related to the Retail Purchase/Retail Lease Agreement and any documents incorporated therein by reference (whether such reference is made in the Agreement or in the document itself), the application for and terms of financing for the transaction, the Finance/Lease Contract, any alleged promises, representations and/or warranties made to or relied upon by the Parties, and any alleged unfair, deceptive, or unconscionable acts or practices

Notwithstanding any other provisions in this Agreement, the Parties agree they are not waiving their right to exercise any self-help or provisional remedy available by law or pursuant to an agreement between them. Nor is either Party required to arbitrate any individual claim that is filed and properly within the jurisdiction of a small claims court or equivalent state court. Until a Party entitled to do so requests arbitration, any Party to this Agreement may proceed with such other rights and remedies and neither Party waives the right to request arbitration under this Agreement by exercising such other rights and remedies or by initially agreeing to litigate a claim in court In addition, if a claim originally brought in a small claims court (or equivalent state court) is transferred or appealed to a higher trial court or if a new claim is asserted after the initial filing of such litigation, the Parties shall have the right to request arbitration under this Agreement

This Agreement evidences a transaction involving interstate commerce. The parties acknowledge and agree that the Federal Arbitration Act (9 U.S.C. §1 et seq ) ("FAA") shall govern any arbitration under this Agreement. The parties further agree that any dispute between them shall be arbitrated in accordance with the rules of the **American Arbitration Association** (1-800-778-7879), 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org). A copy of the Arbitration Rules may be obtained by visiting the web site indicated or by contacting the Organization directly The Rules in effect at the time the request for arbitration is made will govern.

"Consumer claims" shall be arbitrated in accordance with the consumer arbitration rules and fee schedule provided for in the American Arbitration Association's Rules If the Dealership initiates the arbitration proceedings, it will pay the entire cost of the initial filing fees If the Customer initiates the arbitration proceedings, the Customer will pay the initial filing fees specified by the Arbitration Rules up to the amount he/she would be required to pay if the claim were filed before a state or federal court of law having proper jurisdiction over the proceeding The Dealership will, upon Customer's request, pay any portion of the initial filing fees that exceeds this amount The Dealership will also pay administrative costs for the arbitration proceedings reasonably incurred by customer that exceed $750, regardless of which Party initiates the proceedings.

To initiate an arbitration proceeding, the demanding Party must notify the other Party, in writing, that it wishes to arbitrate a dispute. The "demand" for arbitration should briefly explain the basis for the dispute, list the names and addresses of the Parties involved, and specify the amount of monetary damages involved and/or any other remedy sought. The arbitrator(s) shall be attorneys or retired judges and shall be selected in accordance with the applicable Arbitration Rules. Both Parties agree that the arbitration proceedings shall take place in the county and state where the Dealership is located and the transaction occurred. They further consent to the jurisdiction of the courts of said county and state for purposes of enforcing this Agreement and the decision of the arbitrator(s). If it is inconvenient for either Party to participate in arbitration proceedings in the county where the Dealership is located, the proceedings shall be held at a mutually convenient location agreed upon by the Parties in a separate written agreement.

The arbitrator(s) shall apply and be bound by governing state and federal law when making the decision and award and shall only award those damages or other relief permitted by applicable law Either Party may demand, at any time, a written decision from the arbitrators setting forth the findings of fact and/or conclusions of law and further agree that the arbitration proceedings and the decision of the arbitrators' shall be open to the public, even if the Rules selected provide otherwise. **Nothing in this Agreement shall be interpreted as limiting or precluding the arbitrator(s) from awarding monetary damages or any other relief provided for by law. Furthermore, neither party is precluded from filing a complaint with the Office of the Attorney General of this State or from participating in a mediation program administered by the Attorney General or Better Business Bureau, but the Parties agree that by entering into this Agreement, they are waiving their right to a jury trial and their right to bring or participate in any class action or multi-plaintiff action in court or through arbitration.** Once one of the Parties has demanded arbitration, binding arbitration is the exclusive method for resolving any and all claims between them The decision of the arbitrator(s) shall be final and binding, except for any right of appeal provided by the FAA and the Arbitration Rules that governed the original arbitration proceedings. The cost of appeal shall be borne by the appealing Party

If any term of this Agreement conflicts with the terms of any other document or agreement between the Parties, the terms of this Agreement shall prevail. If any part of this Agreement shall be declared unenforceable for any reason, the remainder of the Agreement shall remain enforceable BY SIGNING BELOW, CUSTOMER ACKNOWLEDGES THAT HE OR SHE HAS READ THIS AGREEMENT TO ARBITRATE AND AGREES TO BE BOUND BY THE TERMS AND CONDITIONS OF THIS AGREEMENT. THIS AGREEMENT IS INCORPORATED BY REFERENCE INTO THE RETAIL PURCHASE/RETAIL LEASE AGREEMENT. IT MAY NOT BE MODIFIED OR AMENDED EXCEPT BY A SEPARATE WRITTEN AGREEMENT SIGNED BY CUSTOMER(S) AND AN AUTHORIZED DEALERSHIP REPRESENTATIVE.

X _____  3/17/2022          _____  3/17/2022
Customer                     Date              Authorized Dealership Representative   Date

_____  3/17/2022
Customer                     Date

**GENESIS**FINANCE

**Confirmation of Sale**

*HOL 296532*

*3-17*

**Buyer Information:**

SCOTTY RAUL
GENESIS OF LAKE PARK
3703 NORTHLAKE BLVD
LAKE PARK, FL 33403
(561) 721-3800
Customer ID#: 0000196632

**Purchase Information:**

| | |
|---|---|
| Purchase Price: | $29,873.00 |
| Total Amount: | $29,873.00 |
| Purchase Type: | Lessee Payoff |

**Vehicle Information:**

| | |
|---|---|
| Type | 2019 GENESIS G80 3.8L |
| VIN: | KMHGN4JE7KU296532 |
| Odometer | 21,551 MILES |
| Engine | |
| Trans. | |
| Color: | |

| | |
|---|---|
| Seller | GENESIS FINANCE |
| Seller Org. | 500232 |
| Seller Veh. ID | 1914265435 |
| Sale ID: | 19502923 |
| Sale Date | 03/17/2022 |

Odometer reading reflects actual mileage of vehicle described unless otherwise indicated.

**Remitting**

Due Date: 2 business days from purchase date
**Your payment must be received by ADESA within two (2) business days of the online purchase date.** You have chosen to pay for this vehicle using ADESA FastLane ACH:
Payment will be automatically debited from the checking account designated for FastLane ACH payments within approx. 3 days of sale. Please contact ADESA Dealer Services at 866-969-0321 with any questions or to find out more about this convenient, inexpensive payment option

**OPENLANE Services:**

You have selected: Buyer Arranged Transportation: Vehicle pick up location will be disclosed upon receipt of payment by ADESA. It is recommended that prior to arranging transport Buyer calls pickup location (once disclosed) to verify vehicle is present. Vehicle must be picked up from the selling location in the requisite timeframe, as defined by the Site Terms of Use.

**Title:**

This document does not entitle the bidder to apply for title or registration. The Department of Motor Vehicles or similar registration organization shall not accept presentation of this document for any purpose. Upon receipt of good funds from buyer and upon receipt of title from seller, under normal circumstances title will be sent for second day delivery.

SCOTTY RAUL
GENESIS OF LAKE PARK
3703 NORTHLAKE BLVD
LAKE PARK, FL 33403

**More Information:**

PLEASE REVIEW THE TERMS & CONDITIONS CAREFULLY FOR IMPORTANT INFORMATION ON PURCHASE DISPUTE GUIDELINES FOR THIS VEHICLE, INCLUDING INITIATION DEADLINE AND ELIGIBLE CLAIMS.
All sales, use and other taxes and fees imposed upon or in connection with the sale, purchase, licensing, titling and/or registration of the Vehicle(s) shall be the responsibility of the Purchaser and Purchaser shall either pay the same directly (if permitted by applicable law) or Reimburse Seller upon demand if Seller is required to pay the same. Title to the Vehicle will not pass to Buyer until Total Payment Amount is received in good funds.

Notwithstanding the foregoing, title to the Vehicles(s) shall not pass to Purchaser unless and until payment of the Total Purchase Price is received.

Questions or comments?  Please call Customer Connection at 1-833-599-6675 or send email to customerservice@openlane.com

**PLEASE RETAIN A COPY FOR YOUR FILES**



19502923

# Napletons North Palm Hyundai
### 3703 Northlake Blvd
### Lake Park, FL 33403
### 561-721-3800

Date: 3/17/2022
Salesperson: Jimmy Consolino
Manager: _____

Customer

## GUEST INFORMATION

Name: Bernard Goldstein

| Address: 10762 Thomas Lake Manor | City: Palm Beach | State: FL   Zip: 33473 |
| Home #: ███████ | Work #: | Cell #: ███████ |
| E-Mail: ███████ | Work: | |

## VEHICLE DESCRIPTION

Make: Genesis       Model: G80              Year: 2019   Color: White

Mileage: 21,551   Stock #:              VIN: kmhgn4je7ku296532

| CASH OPTION | |
| --- | --- |
| Selling Price | 29,873.20 |
| Freight | 0.00 |
| Rebate | 0.00 |
| Trade Allowance | 0.00 |
| Adjusted Price | 29,873.20 |
| Total Taxes | 2,164.83 |
| Lic/Tag Fees | 450.00 |
| Dealer Services Fee | 899.00 |
| Battery Fee | 1.50 |
| E-Tag File | 129.00 |
| Priv-Tag-Agency | 149.00 |
| Documentation Fee | 199.00 |
| Trade Payoff | 0.00 |
| Final Selling Price | 33,865.53 |

_____
Guest Approval

Management Approval

\* These products are optional

COMPOSITE

EXHIBIT C

BERNARD GOLDSTEIN
10762 THOMAS LAKE MANOR
BOYNTON BEACH, FL 33473

394
1-7100/2260

March 17, 2022

Pay to the Order of _Mapleton North Palm Hyundai_   $32,038.03

_Thirty Two Thousand Thirty Eight & XX_ Dollars

AMTRUST BANK

For _Car plus tax_



BERNARD GOLDSTEIN
10762 THOMAS LAKE MANOR
BOYNTON BEACH, FL 33473

393
1-7100/2260

March 17, 2022

Pay to the Order of _Mapleton North Palm Hyunday_   $1,504.53

_One Thousand Five Hundred Four & XX_ Dollars

AMTRUST BANK

For _Misc Charges_