UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO. 23-CV-80190-RLR

BERNARD GOLDSTEIN,
as the Personal Representative
of the Estate of TINA GOLDSTEIN,
deceased, an individual,

      Plaintiff,

v.

NORTH PALM HYUNDAI, LLC.,
d/b/a NORTH PALM HYUNDAI, A Florida
Limited Liability Company,

      Defendant,
_____/

**ORDER GRANTING DEFENDANT'S MOTION
TO COMPEL ARBITRATION AND TO STAY ACTION**

**THIS MATTER** comes before the Court upon the Defendant's Motion to Compel Arbitration and to Stay Action. DE 20.  The Court has reviewed the Motion, the Plaintiff's Response, DE 25, and the Defendant's Reply, DE 26, and it is otherwise fully advised in the premises.  For the reasons set forth below, the Motion is **GRANTED**.

    **I. Factual and Procedural Background**

This case began on February 2, 2023, when the Plaintiff, Mr. Bernard Goldstein, filed a complaint against the Defendant, North Palm Hyundai, LLC.  In the Complaint, Mr. Goldstein claims that North Palm Hyundai violated the Consumer Leasing Act, 15 U.S.C. § 1667, when North Palm Hyundai allegedly required Mr. Goldstein to pay additional fees to purchase a vehicle that his late wife, Mrs. Goldstein, had leased. DE 1 at 1-4.  On April 14, 2023, North Palm Hyundai moved to compel arbitration based upon the arbitration clauses found in the Lease that Mrs. Goldstein executed with North Palm Hyundai and the Sale Contract that Mr. Goldstein executed with North Palm Hyundai to purchase the leased vehicle.

## II. Federal Arbitration Act

To determine whether arbitration is warranted, a court considers "(1) whether a valid written agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitration was waived." *Mercury Telco Grp., Inc. v. Empresa De Telecommunicaciones De Bogota S.A. E.S.P.*, 670 F. Supp. 2d 1350, 1354 (S.D. Fla. 2009).  Further, the court must consider the effect of the Federal Arbitration Act.  The Federal Arbitration Act instructs that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable." 9 U.S.C. § 4.  This statute establishes a presumption in favor of arbitration, and, therefore, when a party moves to compel arbitration, the party opposing arbitration bears the burden to prove that arbitration is unwarranted. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991).

## III. Arguments & Analysis

In its Motion, North Palm Hyundai argues that arbitration is warranted because (1) the Lease contains a valid written agreement to arbitrate, DE 20 at 5-6; (2) whether Mr. Goldstein should have paid the disputed, additional fees when he purchased the leased vehicle is an arbitrable issue, *id.* at 8; and (3) North Palm Hyundai has not waived its arbitration rights, *id.* at 8-10.  In Response, Mr. Goldstein argues that there is no valid written agreement to arbitrate the Lease, and, further, North Palm Hyundai waived its right to arbitrate. DE 25 at 3.

In this section, the Court details each party's argument as to whether a valid written agreement to arbitrate exists, whether an arbitrable issue exists, and whether the right to arbitration was waived, and then analyzes each issue.

### A.  Valid Written Agreement to Arbitrate

The parties disagree as to whether there is a valid written agreement to arbitrate found in the Lease, in part because the parties disagree as to what constitutes the "Lease."  North Palm Hyundai argues that

2

"the Lease is a set of documents all pertaining to the lease transaction and includes two arbitration provisions"; the "documents signed in the Lease relating to the leasing of the subject Vehicle are intended to be read and construed together." DE 26 at 3.

North Palm Hyundai supports this claim in two ways. First, North Palm Hyundai highlights that the "Addendum to Retail Installment Sales Contract or Lease Agreement," which Mrs. Goldstein signed, reads, "All agreements and documents signed by the undersigned, either alone or signed also by the Dealer, relating to the purchase or lease by the undersigned of the motor vehicle that is the subject matter of the today's purchase or lease transaction are part of one transaction and are intended to be read and construed together," indicating that the "Florida Motor Vehicle Lease Agreement," which Mrs. Goldstein signed on April 15, 2019, and the "Retail Lease Order," which Mrs. Goldstein also signed on April 15, 2019, are to be read together. *Id.*; DE 26-1 at 66. Second, North Palm Hyundai points out that the Retail Lease Order, which includes an arbitration provision, reads, "This Order shall survive the execution of the Lease Agreement. To the extent any terms herein conflict with the terms of the Lease Agreement (except as to dollar amounts), this Order shall control and govern." DE 26 at 3; DE 26-1 at 53.

Mr. Goldstein argues that there is not a valid written agreement to arbitrate found in the Lease, because the "Lease" is limited to the Florida Motor Vehicle Lease Agreement. Mr. Goldstein argues that the Florida Motor Vehicle Lease Agreement, which does not contain an arbitration provision, contains a merger clause that "makes clear that it is a fully integrated agreement." DE 25 at 5-6.

Florida law governs whether North Palm Hyundai and Mrs. Goldstein executed a valid written agreement to arbitrate. *See Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (quoting *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005)). Under Florida law, a valid written agreement consists of "(1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). When faced with a dispute over the existence of a valid written arbitration agreement, "a district court

3

may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if 'there is no genuine dispute as to any material fact' concerning the formation of such an agreement." *Bazemore*, 827 F.3d at 1333.

Here, there is no genuine dispute that North Palm Hyundai and Mrs. Goldstein executed a valid written agreement to arbitrate because the Retail Lease Order expressly incorporates the Florida Motor Vehicle Lease Agreement. "A document may be incorporated by reference in a contract if the contract specifically describes the document and expresses the parties' intent to be bound by its terms." *Jenkins v. Eckerd Corp.*, 913 So. 2d 43, 51 (Fla. Dist. Ct. App. 2005) (quoting *Management Computer Controls, Inc. v. Charles Perry Construction, Inc.*, 743 So. 2d 627, 631 (Fla. Dist. Ct. App. 1999)). The Retail Lease Order specifically describes the Florida Motor Vehicle Lease Agreement that Mrs. Goldstein signed. It refers to the document as the "Lease Agreement which Customer will be required to execute" and listed the terms it could include. DE 26-1 at 51, 53. Mrs. Goldstein signed the Retail Lease Order in multiple places, including the bottom of the final page of the Retail Lease Order, which was the same page upon which the signed arbitration provision appears. *Id.* at 50-54. Since the Retail Lease Order expressly and clearly references the Florida Motor Vehicle Lease Agreement in its text, and, further, since it states that "[t]o the extent any terms herein conflict with the terms of the Lease Agreement (except as to dollar amounts), this Order shall control and govern," DE 26-1 at 53, North Palm Hyundai puts forward evidence of the existence of a valid written agreement to arbitrate, memorializing offer, acceptance, consideration, and sufficient specification of the essential terms. Mr. Goldstein does not rebut that the Retail Lease Order is a valid written agreement incorporating the Florida Motor Vehicle Lease Agreement. As a result, there is no genuine dispute that North Palm Hyundai and Mrs. Goldstein executed a valid written agreement to arbitrate.

### B. Arbitrable Issues

Next, the dispute at issue in this case, whether Mr. Goldstein paid additional, unwarranted fees when he purchased the leased vehicle pursuant to the Lease, is an arbitrable issue. The Court evaluates the arbitration provision to determine whether an arbitrable issue exists with "any doubts concerning the scope of arbitrable issues . . . resolved in favor of arbitration." *Klay v. All Defendants*, 389 F.3d 1191, 1201 (11th Cir. 2004) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). When an arbitration provision is narrow, an arbitrable issue exists if the dispute arises out of the underlying agreement; when an arbitration provision is broad, an arbitrable issue exists if the dispute has a significant relationship with the underlying agreement. *Calvary Chapel Church, Inc. v. Happ*, 353 So. 3d 649, 651 (Fla. Dist. Ct. App. 2023) (quoting *Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 593 (Fla. 2013)).

In this case, the arbitration provision provides that any claim or dispute that "arises out of or relates to . . . [Retail Lease Order] and [Florida Motor Vehicle Lease Agreement]" is subject to arbitration at the election either party. DE 26-1 at 52. North Palm Hyundai argues that the dispute as to whether Mr. Goldstein paid additional, unwarranted fees when he purchased the leased vehicle arises out of the Lease because it calls upon the Court to interpret the terms of the Lease. DE 20 at 8. Mr. Goldstein does not address this issue in his Response. The Court agrees with North Palm Hyundai that the dispute in this case arises out of and is significantly related to the Lease because it concerns the bargain made under the Lease. Therefore, the dispute at issue in this case is an arbitrable issue.

### C. Waiver

Last, the parties disagree as to whether North Palm Hyundai waived its right to arbitration. North Palm Hyundai argues that it has not waived its right to arbitrate because it has not propounded any discovery and it placed Mr. Goldstein on notice of its intent to arbitrate this case by pleading an affirmative defense in its Answer, reading, "Defendant states that Plaintiff failed to pursue alternative dispute

5

resolution prior to initiating this suit, as the Lease requires that Plaintiff submit any claim pertaining to the Lease to mediation prior to filing a lawsuit." DE 20 at 9 (quoting DE 16 at 5). In Response, Mr. Goldstein argues that there is a difference between arbitration and mediation, and, therefore, the Answer did not place him on notice. DE 25 at 16. Further, he argues that North Palm Hyundai waived its right to arbitrate by filing its answer and affirmative defenses without adequately raising its arbitration right, participating in a case management conference that resulted in the joint filing of a case management report, and waiting 68 days to file its motion to compel. *Id.* at 15-16.

A party may waive its right to arbitration through its conduct if "such conduct [] make[s] out a clear case'" that the party is acting "inconsistently" with its arbitration right. *Gaudreau v. My Pillow, Inc.*, No. 6:21-CV-1899-CEM-DAB, 2022 WL 3098950, at *6-7 (M.D. Fla. July 1, 2022) (quoting *Air Prod. & Chemicals, Inc. v. Louisiana Land & Expl. Co.*, 867 F.2d 1376, 1379 (11th Cir. 1989)). A party may waive its right to arbitrate by "filing an answer to a pleading seeking affirmative relief without raising the right to arbitration." *Green Tree Servicing, LLC v. McLeod*, 15 So. 3d 682, 687 (Fla. Dist. Ct. App. 2009). Moreover, a court evaluating the issue of alleged waiver, must determine whether "under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right." *Id.* (citations omitted).

Here, the Court finds that North Palm Hyundai did not waive its right to arbitration because, in considering the totality of the circumstances, North Palm Hyundai has not acted clearly inconsistently with its arbitration right. North Palm Hyundai appears to have attempted to put Mr. Goldstein on notice of its intention to exercise its arbitration right in its Answer. While there is a difference between arbitration and mediation and, as a result, the notice was unclear, Mr. Goldstein still received notice of North Palm Hyundai's intention to exercise its arbitration right when North Palm Hyundai filed a notice on April 10, 2023, around 67 days after Mr. Goldstein filed his Complaint. In addition, North Palm Hyundai has not otherwise acted inconsistently with its arbitration right. Therefore, North Palm Hyundai did not waive its

6

right to arbitration.

### IV. Conclusion

Consequently, it is hereby **ORDERED** that the Motion is hereby **GRANTED**.  The Plaintiff shall submit to arbitration for the claims set forth in his Complaint.  Pursuant to 9 U.S.C. § 3, this case is **STAYED** pending the completion of the arbitration proceedings; after completion of the proceedings, either party may file a notice on the docket informing the Court that the stay in this case should be lifted. The Clerk of the Court is directed to **CLOSE THIS CASE FOR STATISTICAL PURPOSES** during the duration of the stay; this closure shall not affect the merits of any party's claim.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 23rd day of May, 2023.

*/s/ Robin L. Rosenberg*
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

cc: Counsel of record via CM/ECF